10-3770-ag
Tjiang v. Holder

BIA
Morace, IJ
A097 701 726
A094 813 659

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 21st day of November, two thousand eleven.

PRESENT:
　　　　ROBERT D. SACK,
　　　　RICHARD C. WESLEY,
　　　　SUSAN L. CARNEY,
　　　　　　*Circuit Judges.*
_____

HOK TJOEN TJIANG, KIM LIEN TJIANG,
　　　*Petitioners,*

　　　　v.　　　　　　　　　　　　　　10-3770-ag
　　　　　　　　　　　　　　　　　　　NAC
ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
　　　*Respondent.*
_____

FOR PETITIONERS:　　　Oleh R. Tustaniwsky, Brooklyn, New York.

FOR RESPONDENT:　　　Tony West, Assistant Attorney General; John S. Hogan, Senior Litigation Counsel; Edward E. Wiggers, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Hok Tjoen Tjiang and Kim Lien Tjiang, natives and citizens of Indonesia, seek review of an August 23, 2010, decision of the BIA affirming the January 14, 2009, decision of Immigration Judge ("IJ") Philip Morace denying their applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Hok Tjoen Tjiang, Kim Lien Tjiang,* Nos. A097 701 726, A094 813 659 (B.I.A. Aug. 23, 2010), *aff'g* Nos. A097 701 726, A094 813 659 (Immig. Ct. N.Y. City Jan. 14, 2009). We assume the parties' familiarity with the underlying facts and procedural history of this case.

Under the circumstances of this case, we review both the IJ's and the BIA's opinions "for the sake of completeness." *Zaman v. Mukasey*, 514 F.3d 233, 237 (2d Cir. 2008)(quoting *Wangchuck v. DHS*, 448 F.3d 524, 528 (2d Cir. 2006)). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4); *Aliyev v. Mukasey*, 549 F.3d 111, 115 (2d Cir. 2008). Petitioners' sole argument before this Court is that the agency erred in

denying them asylum, withholding of removal, and CAT relief because they established a pattern or practice of persecution against Chinese Christians in Indonesia.

To establish eligibility for asylum or withholding of removal, an applicant need not "provide evidence that there is a reasonable possibility he or she would be singled out individually for persecution if . . . [t]he applicant establishes that there is a pattern or practice in his or her country of nationality . . . of persecution of a group of persons similarly situated to the applicant." 8 C.F.R. § 1208.13(b)(2)(iii); *see also* 8 C.F.R. § 1208.16(b)(2)(i). The BIA has found time and again that there is no such pattern or practice of persecution against Chinese Christians in Indonesia, *see, e.g.*, *Matter of A-M-*, 23 I. & N. Dec. 737, 741 (BIA 2005), and we have found no error in those decisions where the agency explicitly addresses the applicant's pattern or practice of persecution claim, *see, e.g., Santoso v. Holder*, 580 F.3d 110, 112 (2d Cir. 2009). Likewise, based on the record in this case, the agency did not err in determining that petitioners failed to establish a pattern or practice of persecution against Chinese Christians in Indonesia. Indeed, the agency reasonably found that although Chinese Christians face incidents of

3

harm, particularly by non-state actors, the record did not establish that there is systemic persecution of that group. *See Santoso*, 580 F.3d at 112; *see also Matter of A-M-*, 23 I. & N. Dec. at 741-42.

Because the BIA reasonably determined that petitioners failed to establish a well-founded fear of persecution based on a pattern or practice of persecution against Chinese Christians in Indonesia, it did not err in denying asylum, withholding of removal, and CAT relief to the extent those forms of relief were based on that claim. *See* 8 C.F.R. § 1208.13(b)(2)(iii); 8 C.F.R. § 1208.16(b)(2)(i); *see also Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2) and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4